United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41375
Conference Calendar

WALTER G. ANDERSON,

                                    Plaintiff-Appellant,

versus

ROCHELLE TURNER, District Clerk,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-491
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Walter G. Anderson, Texas prisoner # 1092654, appeals the
28 U.S.C. § 1915A dismissal for failure to state a claim of
his 42 U.S.C. § 1983 complaint against the state-court clerk
who failed to file his state habeas application when it
was submitted.  He renews his due-process and denial-of-access
claims, and, if his brief is liberally construed, he argues for
the first time that the delayed filing of his state habeas
application also violates the Equal Protection and Suspension
Clauses.  These new claims will not be considered.  See Stewart

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.,
200 F.3d 307, 316-17 (5th Cir. 2000). To the extent that
Anderson also raises a claim that his appellate counsel was
ineffective, the claim is not cognizable because appellate
counsel is not a state actor. See Lugar v. Edmondson Oil Co.,
457 U.S. 922, 929, 941 (1982). Moreover, the claim is barred at
this time. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Anderson's due-process argument amounts to a claim that
state procedural rules were not followed, and it thus fails to
present a constitutional issue. See Levitt v. Univ. of Texas at
El Paso, 759 F.2d 1224, 1230 (5th Cir. 1985). Additionally,
because Anderson's state habeas application was ultimately
submitted and denied, he suffered no actual injury as a result of
the delay, and his denial-of-access claim was properly dismissed.
See Lewis v. Casey, 518 U.S. 343, 351 (1996).

This appeal is without arguable merit and is therefore
dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20
(5th Cir. 1983); 5TH CIR. R. 42.2. Both this court's dismissal
of the instant appeal and the district court's dismissal of
Anderson's complaint count as strikes for purposes of 28 U.S.C.
§ 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir.
1996). Anderson is cautioned that if he accumulates three
strikes, he will not be permitted to proceed in forma pauperis in
any civil action or appeal filed while he is incarcerated or
detained in any facility unless he is under imminent danger of

serious physical injury.  <u>See</u> § 1915(g).  Anderson's motion to file a supplemental brief is denied.

DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.